Case will be taken under advisement. We're going to go on to case number 5, 16-22-34 Simpson v. Brown County, Indiana Mr. Blah, come on up. Your honors, may it please the court. The analysis here begins with, were the actions of the defendants random and unauthorized or were they predictable or authorized? The district court felt that they were random and unauthorized. If we break down what happened here, we begin with the letter of May 31, 2013. Do we have the letters in the record? We do not. Why not? That is an excellent question. I have that question for both of you. It's an excellent question. Obviously since we're here on a motion to dismiss the allegations of the amended complaint, the fourth amended complaint or what control, I'm not certain why those letters were not appended. It makes it very difficult. Is there a way that the record. I can, counsel, I can get together and check with the availability of those letters, certainly. Go ahead. We don't have them now. The May 13 letter, which is the beginning of everything, advises the plaintiff that he should take corrective action on his mother's septic field or they'll meet and recommend further action including revocation. Why wasn't the letter of May 31, which we haven't seen, sufficient pre-deprivation notice? Well, because, well there are several reasons why, Your Honor, because the letter itself doesn't indicate what needed to be done, doesn't indicate why there was some sort of difference here, does not give him any time to respond, does not give him a time frame to correct what was deemed a deficiency and according to the allegations doesn't even say what the deficiency is. Does he have any responsibility to try and find out? Responsibility, I believe so. However, the timing aspect of this is curious because two weeks later, without anything else going on, then the letter comes out and says, well, we are now revoking your license. And I'm not sure that even in two weeks he could have obtained further information or made further inquiry. Yeah, but he didn't even write a letter or make a phone call to see what was going on and how he could alter the trajectory of what was happening. That is not within the allegations, that is accurate, Your Honor. The letter itself, being as innocuous and open-ended as it was, would not put him on any alert that he had a time certain to do anything, let alone what the issue or the problem was. There's been some related state court litigation, hasn't there? I'm not certain about the ordinance, Your Honor. I'm not certain of that, Your Honor. So you don't know anything about it? No, I do not. Okay. The plaintiff apparently dropped claims against individual defendants, is that right? He had the one claim against Mr. Kennard, who was the commissioner. That was count two of the second amended complaint, I believe, that intentional interference with the business, basically allegations. But he hasn't asserted any individual constitutional claim against Mr. Kennard? Not at all, that was a state claim. Okay, so you're limited to a Monell theory then, right? Okay. Who's the policymaker? Well, and this is, again, we are at the motion to dismiss. I understand. If we're going to reverse though, the question is whether this is all going to be a futile exercise. I also am wondering about the, well, I'll stick with one question at a time. Yeah, the policymaker here, I am not certain in terms of the county health board. You have Mr. Page who wrote the letter. Mr. Page said he's going to meet with the board and the commissioners and if this is not done and their work upon this recommendation. So we're not exactly certain who the policymaker was here. Is there also, though, a theory that an ordinance that provides for revocation without a procedure is a policy that's basically inviting due process violations? The ordinance, section 503 of the local ordinance is rather bland. And it does state to the effect that we can remove you from doing this for demonstrated inability or unwillingness to comply with these rules and requirements. That is fairly open-ended, Your Honor. Admittedly so. But we have a situation here where we have this initial letter coming out and then without anything else, they're saying this is revoked. So I think the point here, too, is once this began by this May 31 letter, the state then had some sort of ability to hold a pre-deprivation hearing because this was not this type of circumstance that was outside of what the state would not have any sort of advanced knowledge or notification of. Now, the district court did believe that this was basically a random or rogue action, and perhaps that might be perceived by the second letter. But we have a situation here where the first letter seems to be within the confines of state action activity where the state would have notice or knowledge that a pre-deprivation hearing should be done. And then they come back and say, okay, this is what we're doing anyway. And is that the rogue action? In Section 501 of the county ordinance regarding placement on a county registry? Yes. Is that the same thing as a license? I have struggled with that in looking at this also, Your Honor. Again, the ordinance, I think the problem is the ordinance is bland. It's vanilla all throughout. Nothing in Section 501, let alone 503, says licensure, uses the word licensure. And I have one more question, and that is this. Because the local ordinance that you cited states that a person can be removed from the register of persons engaged in the installation and repair septic systems for failure to comply with these rules. Correct. Do you know to what the phrase these rules refers? That's another big point, Your Honor. Oh, my God. As I'm reading these ordinances, I don't know that that gives any guidance to anybody that's working within the county. Okay. Thank you. Save your time. All right. Thank you, Your Honor. Mr. Stewart. Good afternoon. Good afternoon, Your Honor. May it please the Court, my name is Ian Stewart. I represent Brown County, the Brown County Health Department. Do you know what these rules refer to? Yes. If you look at what they attach to their exhibit, there's a number of other rules that Brown County had. If you look on page, starting on page, of the appendix 85, the entire septic ordinance. And it basically tells you how you need to install a septic system in Brown County. Brown County is a fairly rural, hilly, and rocky area, so septic installation in the county is a little bit more difficult than the normal parts of Indiana. Oh, but it's so beautiful. Why doesn't Section 501 and 503, why don't those two, of the ordinance constitute an established state procedure, which would require some form of pre-deprivation due process? Your Honor, what we would argue is whether you view this as randomly unauthorized, or whether you view this as a summary governmental administrative action based on public health, or whether you view it under a... You're not contending there was an emergency, are you? In this case, granted, I will admit, the complaint is very vague. But when you have an installer breaking into a septic tank, you have raw sewage flowing out... If that happens, then you've got something that needs to be responded to. But I don't see anything on this record remotely justifying summary emergency action without even an opportunity to be heard. Do you? On this record, no. Based just on their complaint, no. All you have is an action by the public board of health taking a board of safety position of revoking this license. And the reason why would be if you have an installer coming in and breaking open a septic tank without pumping and allowing raw sewage to go all over the ground and causing a health problem. But when if... Let's talk about random and unauthorized, okay? Does the county contend that any county officials violated any state or local law in this connection? We do not. So in what sense would this have been unauthorized? To the extent plaintiff is arguing that there was no notice. If this court would view this that there was no notice, that the May 31st letter... The letter... Well, you didn't put it with the motion, right? I did not put it with the motion. Okay. So there's no deadline. There's no reflection of any opportunity to be heard. No process identified. No specific remedial action identified. How is that notice and an opportunity to be heard given the record we have? The record we have, which says a letter going out on May 31st saying you have to take remedial action or you will be recommended that your license be revoked. We argue... Presumably at a meeting at which he would have an opportunity to be heard, right? We would argue that's not necessary, that following that letter you don't necessarily need a hearing, that at least you have a notice and then the action is not taken right away. You're given 14 days, and that would be an opportunity to respond. How does he know when that's coming? Based on their complaint? Yes. Yep. Based on the complaint, you would just know that remedial action needs to be taken. And nothing about a process or, okay. Let me ask... Or the consequences of not responding in 14 days, right? Well, the consequence would be losing the license, and that they do state in the complaint. But no deadline is a possibility and without any deadline, right? Yeah. What if he was on vacation and didn't get this? If he did not get notice, there is case law saying that if notice was sent and he did not get notice, that would be considered random and unauthorized. You know... Go ahead. Although this is a motion to dismiss, I have a fact question. Just help me get some background here. And to kind of figure out what the county's asserted interest is, why would Simpson be responsible for something that was happening on his mother's property? Shouldn't she get a notice that her septic system needs to be repaired? Then she would have the option of hiring whoever she wanted to complete the repairs. Maybe she doesn't want her son around. To answer your question, she did receive a notice. And she had hired her son, and he had caused the problem. There actually was a hearing before this letter even went out. There was a letter sent to the mother which caused her property to be deemed uninhabitable. But because the cause of the problem was the installer, notice was sent out saying that if you don't fix this problem, you're going to lose your license. And if Simpson believed that the notice he received was improper or he didn't know what was going on, what he could have done is seek judicial review. And that he did not do. He did not seek judicial review. I mean, does the letter say seek judicial review? Yeah. That's what I mean about consequences. It was not spelled out right. I'm sorry. Are damages available under judicial review? Damages are not available under judicial review. Right. But his permit is allowed to come back under judicial review. Okay. Can you direct us to any authority that suggests that if there's been a deprivation of property without due process of law, a remedy without damages is sufficient? And I would direct you to the Pro Sports Bar case, which says it is required. We would counter with that, Your Honor, saying the judicial review is part of his due process. If he does not seek judicial review, then he doesn't have an element of his claim. The problem, Mr. Stewart, is that, at least in my view, your brief and the district court's analysis profoundly misread Parrott and Hudson in that line of cases and offer and try to extend them to situations in which they could not possibly apply without wiping out, essentially, all due process law since Roth. Let's suppose, for example, we had a summary suspension and then revocation of a medical license or a law license. The fact that you can get judicial review later on is not adequate if you didn't get a meaningful notice and opportunity to be heard, right? Or if you're a policeman who's been suspended and then fired, or a teacher. Those are part of the due process. And if you don't even try to get judicial review, then you are not taking advantage of the due process. He's entitled to prior notice and an opportunity to be heard, unless you've got an emergency so urgent that there's not even time to be heard. And we would argue that he has pled the notice and has pled that action did not take place for another 14 days. So he has pled the notice and an opportunity to be heard. Any case law that suggests such a vague letter without deadlines or process identified is sufficient? We don't know the terms of the letter, neither plaintiff nor the defendant. Your client sent it, right? I can tell you that the letter said this is what you need to do. If you don't take this action, these specific actions like pumping the tank, then you're going to lose your license. With a deadline? The deadline was you have to do it the next day, but that was the deadline in the letter. And remember, the letter was following a prior hearing that occurred 10 days prior. You alluded to something like that in your brief. My problem here is even if you wind up prevailing ultimately on some other ground, to affirm this order we would have to do an awful lot of damage to due process law, it seems to me. I think what the court would just need to look at is the part dealing with the post-deprivation and that if you can review it. So take the teacher, take the doctor. Right. That if you do not take advantage of the post-deprivation procedures that are afforded you, then you have not claimed an element of a due process claim. So there can never be a due process claim for deprivation of property without prior notice and opportunity to be heard? As long as there is some post-deprivation process? Not necessarily, and that's why we tried to argue that he at least did talk about some notice prior in his complaint. But when there is this post-deprivation ability that is not pursued, that you have not pled a part of the claim. And the way he's drafted the complaint saying, well, maybe I had this, maybe I didn't, I don't know, if I did it's inadequate. It's so vague that he is not. Well, no, look, that's a product of some of the confusion in the district court about Parrott and its scope. We have addressed this a number of times. Judge Rovner and I were involved in a case called Armstrong against Daly where we explored it at some length. And this doesn't come close to being appropriate for Parrott or Hudson. So, all right. Thank you. By the way, while you're coming up, Mr. Pike, I'm going to give you 14 days to together submit the letters, or if you can't do that, at least let us know that you can't. Would you like also an audio recording to hear them through the portal? I don't know about that. I think then we would be acting as a district court. Exactly. If you don't want us to have the letters, we don't need to have them. We've all been on the district courts. I don't think that's the way we do this. All righty. I'm going to compose myself here. Parrott, Hudson, they're both cases involving prisoners who had their property either negligently or intentionally damaged. Those are the cases that form the basis for what is random and unauthorized and, therefore, where a state cannot predict that there's going to be some action, cannot give notice, and, therefore, what is necessary are adequate and meaningful post-deprivation remedies. This case doesn't fit within either of those fact scenarios or that type of case, as I believe your honors have recognized. We don't know what would take the form of adequate remedial work. We don't know how long it was going to be given. We don't know who was going to review the remedial work to see if it was adequate. Why is it that it was involving his mother's property? There's a lot of questions here, as your honors have accurately observed. But even let's say that this somehow gets past pre-deprivation and gets to post-deprivation. The fact that there may be a common law administrative review is not sufficient because the key point is still an adequate or a meaningful post-deprivation remedy. Having a man lose his license and his livelihood for up to a year and then the only thing he can do is seek reinstatement of his license when he didn't receive notice or a hearing, that's not adequate. We would ask that the motion or the dismissal be reversed. Thank you, your honors, for your time. Thank you both. And the case will be taken under advisement.